# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:18-CR-58 (LAG) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 7 U.S.C. § 2156(a)(1) and (b) |
| 1) LESLIE MEYERS, II, | : | 18 U.S.C. § 371 |
|    a/k/a "LES MEYERS," | : | 18 U.S.C. § 2 |
| 2) KIZZY SOLOMON, | : | 18 U.S.C. § 922(g)(1) |
|    a/k/a "KIZZY ANDREWS," | : | 18 U.S.C. § 924(a)(2) |
| 3) ALONZA JORDAN, | : | 18 U.S.C. § 924(d)(1) |
| 4) GERMANY BROCKINGTON, | : | 28 U.S.C. § 2461(c) |
|    a/k/a "RAT," | : | |
| 5) KEVIN CHARLES, | : | |
|    a/k/a "TRINIDAD," | : | |
| 6) MAURICE GLOVER, | : | |
| 7) ORLANDO JOHNSON, | : | SUPERSEDING INDICTMENT |
|    a/k/a "OJ," | : | |
|    a/k/a "JUICE," | : | |
| 8) SHADON JOHNSON, | : | |
| 9) TERRY DRIGGERS, | : | |
| 10) DEMETRICE KING, | : | |
| 11) STARLIN MORGAN, and | : | |
| 12) KENTRE GIBSON, | : | |
|    a/k/a "GIPP," | : | |
| | : | |
| **Defendants**. | : | |
| | : | |

THE GRAND JURY CHARGES:

## COUNT ONE
## CONSPIRACY TO VIOLATE THE ANIMAL WELFARE ACT

### INTRODUCTION

At all times relevant to this Indictment:

1.     An "animal fighting venture" was "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1).

## THE CONSPIRACY

2.      Beginning on or about May 5, 2016, and continuing until on or about February 14,

2019, in the Albany Division of the Middle District of Georgia, and elsewhere, the defendants,

**LESLIE MEYERS, II, A/K/A "LES MEYERS,"**
**ALONZA JORDAN,**
**GERMANY BROCKINGTON, A/K/A "RAT,"**
**KEVIN CHARLES, A/K/A "TRINIDAD,"**
**MAURICE GLOVER,**
**ORLANDO JOHNSON, A/K/A "OJ," A/K/A "JUICE,"**
**SHADON JOHNSON,**
**TERRY DRIGGERS,**
**DEMETRICE KING,**
**STARLIN MORGAN, and**
**KENTRE GIBSON, A/K/A "GIPP,"**

(hereinafter, collectively, the "Defendants"), and others, did knowingly and intentionally conspire

and agree with each other, to commit the following offenses:

        a.      to sponsor and exhibit dogs in animal fighting ventures, contrary to Title 7, United

States Code, Section 2156(a)(1) and Title 18, United States Code, Section 49; and

        b.      to possess, train, transport, deliver, and receive dogs for purposes of having the

dogs participate in animal fighting ventures, contrary to Title 7, United States Code, Section

2156(b) and Title 18, United States Code, Section 49.

## OBJECTS OF THE CONSPIRACY

        3.      The objects of the conspiracy were for the Defendants, and others, (a) to sponsor

and exhibit dogs in animal fighting ventures, and (b) to possess, train, transport, deliver, and

receive dogs for the purposes of having the dogs participate in animal fighting ventures.

## MANNER AND MEANS OF THE CONSPIRACY

4.     It was part of the conspiracy that the Defendants and others developed and maintained properties for purposes of housing and training pit bull-type dogs for use in dog fights, and for using and storing dog fighting equipment.

5.     It was further a part of the conspiracy that the Defendants and others housed pit bull-type dogs in and around their residences, or properties utilized by them for such purpose.

6.     It was further a part of the conspiracy that the Defendants and others trained and conditioned pit bull-type dogs to fight in dog fights.

7.     It was further a part of the conspiracy that the Defendants and others acquired and maintained medical equipment, such as intravenous tubing and bags, skin staplers, suture removers, and veterinary injectable medications, for purposes of attempting to treat dogs injured during dog fights, without the assistance or scrutiny of a veterinarian.

8.     It was further a part of the conspiracy that the Defendants and others communicated with one another, by telephone, text message, and other electronic means, about: the transport, delivery, transfer, exchange, purchase, sale, breeding, training, and receipt of particular fighting dogs; their possession of and ownership interests in particular fighting dogs; arrangements to fight dogs and to attend dog fights, including "roll" fights; the lineage or "bloodline" of certain fighting dogs; the aptitude, abilities, and fighting histories of particular fighting dogs; evasion of law enforcement; and drugs and equipment used to try to treat wounded fighting dogs.

9.     It was further a part of the conspiracy that the Defendants and others transported and delivered pit bull-type dogs for use in dog fights and used vehicles to store, transport, and deliver fighting dogs and dog fighting equipment.

3

10.    It was further a part of the conspiracy that the Defendants and others arranged to fight pit bull-type dogs in dog fights.

11.    It was further a part of the conspiracy that the Defendants and others fought pit bull-type dogs in dog fights, including "roll" fights.

12.    It was further a part of the conspiracy that the Defendants and others posted, obtained, and forwarded information about fighting dog bloodlines and pedigrees, including from dog fighting websites.

## OVERT ACTS

13.    In furtherance of the conspiracy and to effect the unlawful objects thereof, the following overt acts, among others, were committed in the Middle District of Georgia, and elsewhere:

a.    On or about May 5, 2016; July 5, 2016; August 14, 2016; and September 27, 2016, Germany Brockington, a/k/a "Rat," transmitted fighting dog pedigree or "bloodline" information from the dog fighting website "Peds Online" to Kentre Gibson, a/k/a "Gipp," including for the dog "Drigger's Jojo."

b.    On or about July 11, 2016, Germany Brockington, a/k/a "Rat," transmitted a photograph of a female fighting dog being forcibly bred in an immobilization stand, and asked Kentre Gibson, a/k/a "Gipp," and others, to join him at their "yard" of fighting dogs.

c.    On or about November 27, 2016, a person unknown to the Grand Jury sent a group text message to Germany Brockington, a/k/a "Rat," Kentre Gibson, a/k/a "Gipp," and others, transmitting the location of a "two card" dog fight, and inviting them to the fight.

d.    On or about January 15-16, 2017, Leslie Meyers, II, a/k/a "Les Meyers," and Orlando Johnson, a/k/a "OJ," a/k/a "Juice," exchanged text messages in which Meyers advertised

4

29-pound and 37-pound fighting dogs for "4500," and sent a video of a dog fight which he purported to feature the 37-pound fighting dog.

     e.     Beginning on a date no later than January 18, 2017, and continuing to on or about January 21, 2017, Kentre Gibson, a/k/a "Gipp," and other Defendants made arrangements by text message and other means to conduct a "two-card" dog fighting event on or about January 21, 2017, during which two male dogs would be fought against each other, followed by a fight between two female dogs.

     f.     On or about January 21, 2017, Leslie Meyers, II, a/k/a "Les Meyers," Kevin Charles, a/k/a "Trinidad," Demetrice King, Maurice Glover, Terry Driggers, Alonza Jordan, Shadon Johnson, Orlando Johnson, a/k/a "OJ," a/k/a "Juice," Germany Brockington, a/k/a "Rat," Starlin Morgan, and Kentre Gibson, a/k/a "Gipp" traveled to 340 Sam Hill Dogleg Road in Leslie, Georgia, and knowingly attended one or more dog fights.

     g.     On or about January 21, 2017, Orlando Johnson, a/k/a "OJ," a/k/a "Juice," collected an entrance fee to the dog fight event at 340 Sam Hill Dogleg Road, Leslie, Georgia, of $100 from each person who attended.

     h.     On or about January 21, 2017, Alonza Jordan acted as the host of the dog fight at 340 Sam Hill Dogleg Road, Leslie, Georgia.

     i.     On or about January 21, 2017, the Defendants and others possessed items used to prepare dogs for participation in a dog fight, including, but not limited to, saline enema laxatives, Dawn dishwashing liquid, and a hanging scale, and transported these items to 340 Sam Hill Dogleg Road, Leslie, Georgia.

j.      On or about January 21, 2017, the Defendants and others possessed medical and veterinary equipment used to administer treatment to injured fighting dogs, and transported these items to 340 Sam Hill Dogleg Road, Leslie, Georgia.

k.      On or about January 21, 2017, Leslie Meyers, II, a/k/a "Les Meyers," possessed two pit bull-type dogs – Unnamed Dog #1, and Unnamed Dog #2 – which he transported from Tallahassee, Florida, to Georgia.

l.      On or about January 21, 2017, Leslie Meyers, II, a/k/a "Les Meyers," sponsored and exhibited Unnamed Dog #1 in the first of two dog fights at 340 Sam Hill Dogleg Road, Leslie, Georgia, against a pit bull-type dog named "One-Eyed Willie."

m.      On or about January 21, 2017, Starlin Morgan acted as the referee for the dog fight at 340 Sam Hill Dogleg Road, Leslie, Georgia.

n.      On or about January 21, 2017, shortly after the dog fight at 340 Sam Hill Dogleg Road, Leslie, Georgia, Leslie Meyers, II, a/k/a "Les Meyers," killed Unnamed Dog #1 by hanging the dog until he was dead.

o.      On or about January 21, 2017, Kentre Gibson, a/k/a "Gipp," possessed a pit bull-type dog, which he transported to the dog fight at 340 Sam Hill Dogleg Road, Leslie, Georgia, for the purposes of sponsoring and exhibiting that dog in the second fight of the dog fighting event.

p.      On or about January 21, 2017, Kevin Charles, a/k/a "Trinidad," and Orlando Johnson, a/k/a "OJ," a/k/a "Juice," owned and possessed a pit bull-type dog, which they transported to the dog fight at 340 Sam Hill Dogleg Road, Leslie, Georgia, for the purposes of sponsoring and exhibiting that dog in the second fight of the dog fighting event.

q.      On or about January 21, 2017, at 340 Sam Hill Dogleg Road, Leslie, Georgia, Kentre Gibson, a/k/a "Gipp," Kevin Charles, a/k/a "Trinidad," and Orlando Johnson, a/k/a "OJ,"

6

a/k/a "Juice," were about to sponsor and exhibit their dogs in the second fight of the dog fighting event, when law enforcement arrived and disrupted the fight.

r.      On or about January 21, 2017, the Defendants and others possessed thousands of dollars of U.S. currency for the purpose of gambling on the outcome of the dog fights.

s.      On or about September 13, 2018, Leslie Meyers, II, a/k/a "Les Meyers," possessed twenty-seven pit bull-type dogs for the purpose of having the dogs participate in an animal fighting venture, and equipment used in dog fighting, at a residence in Camilla, Georgia.

t.      On or about February 14, 2019, Kevin Charles, a/k/a "Trinidad," possessed seven pit bull-type dogs for the purpose of having the dogs participate in an animal fighting venture, and equipment used in dog fighting, at a residence in Monroe County, Georgia.

u.      On or about February 14, 2019, Terry Driggers possessed ten pit bull-type dogs for the purpose of having the dogs participate in an animal fighting venture, and equipment used in dog fighting, at a residence in Hoboken, Georgia.

All in violation of Title 18, United States Code, Section 371, in connection with Title 7, United States Code, Sections 2156(a)(1) and 2156(b), and Title 18, United States Code, Section 49.

## COUNTS TWO AND THREE
## TRANSPORT AND DELIVER A DOG FOR USE IN AN ANIMAL FIGHTING VENTURE

14.      On or about January 21, 2017, in the Albany Division of the Middle District of Georgia and elsewhere, defendant,

### LESLIE MEYERS, II, a/k/a "LES MEYERS,"

did knowingly transport and deliver a dog for the purpose of having the dog participate in an animal fighting venture, namely:

7

| COUNT | DOG |
|:-----:|:---:|
| 2 | UNNAMED DOG #1 |
| 3 | UNNAMED DOG #2 |

in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

**COUNT FOUR**
**SPONSOR AND EXHIBIT A DOG IN AN ANIMAL FIGHTING VENTURE**

15.     On or about January 21, 2017, in the Albany Division of the Middle District of Georgia and elsewhere, defendant,

**LESLIE MEYERS, II, a/k/a "LES MEYERS,"**

did knowingly sponsor and exhibit a dog for the purpose of having the dog participate in an animal fighting venture, namely:

| COUNT | DOG |
|:-----:|:---:|
| 4 | UNNAMED DOG #1 |

in violation of Title 7, United States Code, Section 2156(a)(1) and Title 18, United States Code, Section 49.

**COUNT FIVE**
**POSSESSION OF A FIREARM BY A CONVICTED FELON**

16.     On or about January 21, 2017, in the Albany Division of the Middle District of Georgia,

**LESLIE MEYERS, II, a/k/a "LES MEYERS,"**

defendant herein, possessed a firearm, that is, one (1) .45 caliber pistol, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, and did so knowingly, said

firearm having been shipped and transported in interstate and foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNTS SIX THROUGH THIRTY-TWO
## POSSESS AND TRAIN A DOG FOR PURPOSES OF AN ANIMAL FIGHTING VENTURE

17.     On or about September 13, 2018, in the Albany Division of the Middle District of Georgia and elsewhere, defendant,

**LESLIE MEYERS, II, a/k/a "LES MEYERS,"**

aided and abetted by

**KIZZY SOLOMON, a/k/a "KIZZY ANDREWS,"**

did knowingly possess and train a dog for the purpose of having the dog participate in an animal fighting venture, namely:

| COUNT | DOG |
|-------|-----|
| 6 | USM227 |
| 7 | USM228 |
| 8 | USM229 |
| 9 | USM230 |
| 10 | USM231 |
| 11 | USM232 |
| 12 | USM233 |
| 13 | USM234 |
| 14 | USM235 |
| 15 | USM236 |
| 16 | USM237 |
| 17 | USM238 |
| 18 | USM239 |
| 19 | USM240 |
| 20 | USM241 |
| 21 | USM242 |
| 22 | USM243 |
| 23 | USM244 |
| 24 | USM245 |
| 25 | USM246 |
| 26 | USM247 |

| 27 | USM248 |
|----|--------|
| 28 | USM249 |
| 29 | USM250 |
| 30 | USM251 |
| 31 | USM252 |
| 32 | USM253 |

All in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code,

Sections 49 and 2.

## COUNTS THIRTY-THREE THROUGH THIRTY-NINE
## POSSESS AND TRAIN A DOG FOR PURPOSES OF AN ANIMAL FIGHTING
## VENTURE

18.     On or about February 14, 2019, in the Middle District of Georgia and elsewhere,

defendant,

### KEVIN CHARLES, A/K/A "TRINIDAD,"

did knowingly possess and train a dog for the purpose of having the dog participate in an animal

fighting venture, namely:

| COUNT | DOG |
|-------|-----|
| 33 | USM266 |
| 34 | USM267 |
| 35 | USM268 |
| 36 | USM269 |
| 37 | USM270 |
| 38 | USM271 |
| 39 | USM272 |

All in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code,

Section 49.

## FORFEITURE NOTICE
### 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461 – Criminal Forfeiture

1.     The allegation contained in Count Five of of this Indictment is hereby re-alleged

and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United

10

States of America, pursuant to the provisions of Title 18, United States Code, Section 924(d)(l), in conjunction with Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offense in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2) set forth in Count Five of this Indictment, the defendant,

**LESLIE MEYERS, II, a/k/a "LES MEYERS,"**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d)(l), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense(s).

3.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon exercise of due diligence;

(b)  has been transferred, sold to or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 246l(c), through Title 18, United States Code, Section 924(d)(l).

11

All pursuant to 18 U.S.C. § 924(d)(l) and 28 U.S.C. § 246l(c).

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

PRESENTED BY:

CHARLES E. PEELER
UNITED STATES ATTORNEY

JIM CRANE
ASSISTANT UNITED STATES ATTORNEY

U.S. DEPARTMENT OF JUSTICE
ENVIRONMENTAL CRIMES SECTION

ETHAN EDDY
TRIAL ATTORNEY

Filed in open court this __16__ day of May, AD 2019.

Deputy Clerk

12